**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THE FLORIDA DEPARTMENT
OF FINANCIAL SERVICES, as
Receiver in liquidation of ATLANTIC
PREFERRED INSURANCE COMPANY,
FLORIDA PREFERRED INSURANCE
COMPANY, and SOUTHERN FAMILY
INSURANCE COMPANY,

    Appellant,

v.                           Case No.: 8:07-CV-01590-T-17

POE FINANCIAL GROUP, INC.;
POE INSURANCE MANAGERS, LLC;
POE & ASSOCIATES, LLC; and
MARIAH CLAIMS SERVICES, LLC;

    Appellees.
_____/

**ORDER ON APPEAL**

This cause is before the Court on appeal from the Bankruptcy Court's July 6, 2007, order denying the Appellant's motion for relief from automatic stay and for abstention (the "Motion"). For reasons discussed below, this Court finds that the bankruptcy court did not abuse its discretion, and, therefore, the underlying order is affirmed.

**BACKGROUND**

**There are four** Appellees in this appeal – Poe Financial Group, Inc. ("Poe Financial"); Poe Insurance Managers, LLC ("Poe Managers"); Poe & Associates, LLC (Poe & Associates); and Mariah Claims Services, LLC ("Mariah"). Poe Financial is the parent company of Poe Managers, Poe & Associates, and Mariah. Poe Financial also

1

owns Poe Insurance Holdings, LLC, which owns Southern Family Insurance Company ("Southern Family"), Atlantic Preferred Insurance Company ("Atlantic Preferred"), and Florida Preferred Property Insurance Company ("Florida Preferred") (collectively, the "Insurers").  The Insurers previously provided property and casualty insurance coverage to more than 300,000 homeowners in Florida.

Poe & Associates performed various sales, client-management, and marketing functions for the Insurers, while Poe Managers performed other services for the Insurers including policy management and related administrative functions.  The Insurers' relationships with Poe & Associates and Poe Managers is governed by the Managing General Agency Agreement ("MGA"), under which the two entities share a flat fee of 26.5% of the Insurers' gross premiums.

The disastrous 2004-2005 hurricane season resulted in the insolvency of the Insurers leaving the 300,000-plus homeowners in Florida without property and casualty insurance coverage. Pursuant to Florida's insurance regulatory scheme under Chapter 631, Florida Statutes, a liquidation plan was drawn up by the Florida Office of Insurance Regulation and approved by the Circuit Court of the Second Judicial County in Leon County, Florida (the "receivership court") on June 2, 2006.  Under this plan, the Department of Financial Services ("Appellant") was appointed Receiver for the insolvent Insurers. As such, the Appellant is responsible for collecting the Insurers' property for liquidation. Meanwhile, Citizens Property Insurance Corporation ("Citizens"), Florida's

last resort insurance provider, was ordered to provide coverage for the stranded policyholders.

The financial impact of the hurricanes reverberated throughout the Poe organization. On August 18, 2006, the Appellees filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. Under the protection of a Chapter 11 automatic stay, the Appellees began to /reorganize their business and operate as debtors-in-possession. On October 24, 2006, the Appellees sued Citizens for unlawful discrimination under the Bankruptcy Code, breach of contract, tortious interference, violation of equal protection, and trademark dilution.

Then, on January 29, 2007, the Appellant filed the motion for relief from the automatic stay, in order to obtain a statutory accounting in the receivership court for nearly $35,000,000 in missing, and allegedly, unearned commissions that the Appellees received from the Insurers' gross premiums. The Appellant also requested a turnover of the funds. During a hearing on March 2, 2007, the Bankruptcy Court partially granted the Motion and ordered the Appellees to open up their books and records, including financial and operating reports.[1]

In addition to conducting an accounting, the Appellant requested, and received, thirty-nine different categories of documents from the Appellees. Subsequent to their

---

[1] According to the record, the Appellant had forensic accountants reviewing the Appellees' books and records during the period from the commencement of the receivership on June 2, 2006, up until the March 2, 2007, hearing. Thus, the Appellant already had been, in effect, conducting a thorough investigation long before their motion for another accounting on January 29, 2007.

investigation of the Appellees' books and records, the Appellant conceded at the May 10, 2007, hearing that the Appellees were not in possession of the funds. Furthermore, when asked by the Bankruptcy Court whether a statutory accounting under the supervision of the state receivership court would be any different or more substantial than what the bankruptcy court had already granted, the Appellant answered in the negative.

The Bankruptcy Court succinctly stated its reasons for denying the Motion. The court first pointed out that the Appellant had a sufficient opportunity to look for the missing funds. No funds were found. The court then reasoned that without the funds (i.e. *res*) to turn over, there was no point in ordering another accounting, especially given that, as conceded by the Appellant, the statutory accounting would be no more substantial than what was already conducted. The court also noted that, if the Appellant later discovered that certain third parties were in possession of the missing funds, the automatic stay did not preclude the Appellant from pursuing them in compliance with Florida law. This was never disputed.

On May 10, 2007, the Bankruptcy Court fully denied the motion for stay relief and abstention in open court. The written order of the court's oral ruling was entered on July 6, 2007.  Thereafter, the Appellant made timely appeal to this Court.

## STANDARD OF REVIEW

The bankruptcy court's factual findings cannot be set aside unless they are clearly erroneous. *See United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948) ("Since judicial review of findings of trial courts does not have the statutory or constitutional limitations of findings by administrative agencies or by a jury, this Court

4

may reverse findings of fact by a trial court where 'clearly erroneous.'"). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that mistake has been committed." *Id.*

The decision to grant or deny relief from an automatic stay is in the bankruptcy court's discretion. *In re Celotex*, 1997 WL 150117, at *1 (M.D. Fla. March 20, 1997) (citing *In re Dixie Broad., Inc.,* 871 F.2d 1023, 1026 (11th Cir. 1989)). Such an order is considered final and is reviewable on appeal for abuse of discretion. *In re Dixie Broad., Inc.*, 871 F.2d at 1026. The bankruptcy court's decision to abstain under 28 U.S.C. 1334(c)(1) is also appealable and can be reviewed for an abuse of discretion. *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1188 (7th Cir. 1993). A court abuses its discretion if it applies the wrong legal standard, uses improper procedures to reach its result, or makes factual findings that are clearly erroneous. *In re Bayshore Ford Truck Sales, Inc.,* 471 F.3d 1233, 1251 (11th Cir. 2006) (citations omitted).

## DISCUSSION

Title 28 U.S.C. § 158(a) provides that a district court has appellate jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. The Bankruptcy Court's denial of the motion constitutes an order for purposes of Section 158(a), and, therefore, this Court has appellate jurisdiction.

On appeal, the Appellant argues essentially that the stay hinders its ability to obtain, under the supervision of the state receivership court, a statutory accounting of the missing funds. The Appellant, presupposing that the funds are in the Appellees'

possession, also requests a turnover of the funds. The Appellees answer in their reply brief that because there are no funds, the issue of a statutory accounting is moot, and, thus, the Appellant's request for a turnover not ripe. The Appellees further argue, in the alternative, that the bankruptcy court did not abuse its discretion.

This Court, in its appellate capacity, must review the ruling of the bankruptcy court and its reasons for it, and determine whether the court abused its discretion. *In re Dixie Broad., Inc.*, 871 F.2d at 1026.  More specifically, did the Bankruptcy Court, in denying the Motion, use improper procedures or make factual findings that were clearly erroneous? *In re Bayshore Ford Truck Sales, Inc.,* 471 F.3d at 1251.  That is the sole issue before this Court.

The Bankruptcy Court's factual findings were not clearly erroneous. Rather, the findings were reasonable as they were apparent in the record. Moreover, the court's inferences and conclusions rationally flowed from these facts. The Appellant began their thorough review of the Appellees' financial records soon after the receivership commenced on June 2, 2006, and, according to their own admission, failed to locate them. The Appellant also admitted that a statutory accounting under the supervision of the receivership court would be no more substantial than the investigation already conducted. The court also noted that the automatic stay did not preclude the Appellant from pursuing third parties and litigating to obtain funds they believed were required to be turned over pursuant to the liquidation plan. Moreover, this Court cannot identify an improper procedure in the proceedings below. The Bankruptcy Court properly made its factual findings, and accordingly, decided not to lift the stay.

Furthermore, the decision to abstain under 28 U.S.C. 1334(c)(1) is also appealable and can be reviewed for an abuse of discretion. *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d at 1188. Following the same reasoning for maintaining the stay, the court succinctly concluded, "given that there is no *res*, there's really no issue [to abstain from]." Therefore, the Bankruptcy Court's decision not to lift the stay or abstain does not constitute an abuse of discretion. Accordingly, it is:

**ORDERED** that the Bankruptcy Court's order denying the Appellant's motion for relief from automatic stay and abstention entered on July 6, 2007, be **AFFIRMED**. Appellant's request for oral argument (Doc. No. 21) is **DENIED**. The Clerk of Court shall enter judgment for the Appellees and close this appeal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of July, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record